

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00021-CR
_____

JONATHAN ELI DRIZZLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108ᵀᴴ District Court
Potter County, Texas
Trial Court No. 67,007-E; Honorable Douglas R. Woodburn, Presiding

August 22, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Jonathan Eli Drizzle, appeals his conviction for the offense of forgery.[1] Following a bench trial, he was sentenced to a term of confinement of twelve months in a state jail facility. By a single issue, Drizzle contends the evidence is legally insufficient to establish an essential element of the charged offense. We affirm.

---

[1] TEX. PENAL CODE ANN. § 32.21(b) (West 2011). As charged, an offense under this section is a state jail felony. *See id.* at § 32.21(d).

*BACKGROUND*

On March 29, 2013, Appellant answered the door at the house of a friend, Myia Staff, and handed a pizza deliveryman a check written on the account of Robert and Beverly Curtis. The check, which bore a driver's license number which later proved to be fictitious, was purportedly signed by Mr. Curtis. When the pizza deliveryman would not accept the check, Appellant told him the check was not his and asked him to return it. Taking the check with him, Appellant went to his father's residence to get some cash but was unable to obtain sufficient funds. The deliveryman took the pizzas back to the pizza shop and called the telephone number printed on the check. He eventually spoke with Mrs. Curtis, who told him she did not live at the delivery address and had not ordered any pizzas. The deliveryman then called the police.

Leaving the check in question at his father's residence, Appellant returned to his friend's house where he observed Myia write a check and use it to pay for pizzas from another pizza restaurant. When the police arrived at the residence, the occupants were still eating that pizza. When asked by the police if earlier that evening he had tried to pass a check to purchase pizza, Appellant originally stated that "Charlene" had given him a check to use to purchase pizza, but she had subsequently left to go shopping. After being questioned further by the police, Appellant admitted he had ordered the pizzas and had given the deliveryman the check that was refused.

Appellant first claimed he threw the check away but later admitted that it was at his father's residence. The officers accompanied Appellant back to that residence where they recovered the check hidden underneath a chair in a back bedroom. One of

2

the officers, Officer Kidd, testified Appellant appeared nervous during his questioning. According to the officer's testimony, Appellant originally told the investigating officers Myia was not involved; however, he later admitted he was lying about receiving the check from Charlene and that he had, in fact, found the check on the counter beside the door at Myia's house and had assumed it was from her.

### ANALYSIS

Appellant contends the evidence is insufficient to establish he knew the check in question was forged. He contends the only possible evidence giving rise to an inference of knowledge, the apparent falsehoods he told to the investigating officers, were merely transparent attempts to protect Myia and, therefore, insufficient evidence to support a finding he knew the check was forged. He argues that a lack of knowledge of the forgery entails a lack of intent to defraud or harm, thereby negating an essential element of the charged offense.

To determine whether evidence is sufficient to support a conviction, a reviewing court views all the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). This requires the reviewing court to defer to the factfinder's credibility and weight determinations because the factfinder (in this case the trial court) is the "sole judge" of the credibility of witnesses and the weight to be given their testimony. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. Additionally, a reviewing court determines

3

whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007)). When the record supports conflicting inferences, a reviewing court must presume the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *See Jackson*, 443 U.S. at 326. Evidence is insufficient under this standard of review if, based on all the evidence, a reasonably-minded factfinder must necessarily entertain a reasonable doubt of the defendant's guilt. *Id.* at 319.

It is not necessary that the evidence directly prove the guilt of the accused as circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Hooper*, 214 S.W.3d at 13. Furthermore, circumstantial evidence alone can be sufficient to establish guilt. *Id.* Therefore, under the *Jackson* evidentiary sufficiency test, we permit a factfinder to "draw reasonable inferences as long as each inference is supported by the evidence presented at trial," and it is not "based on mere speculation or factually unsupported inferences or presumptions." *Id.* at 15. In judging whether a given inference is reasonable, we should adhere to that standard and "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id.* at 16-17.

Under the indictment in this case, in order to sustain a conviction for forgery, the evidence must demonstrate that: (1) Appellant, (2) with intent to harm or defraud another, (3) possessed, (4) with intent to pass, (5) a forged writing (to-wit: a check that

4

had been altered so that it purported to be the act of another who did not authorize that act), (6) knowing such writing to be forged. Appellant contends he did not know the check was forged and, therefore, could not have had the requisite intent to harm or defraud another.

Here, ample evidence supports a finding Appellant presented a forged check to the pizza deliveryman under suspicious circumstances. The check was drawn on the account of someone totally unknown to either Appellant or the other occupants of the residence where the pizza was delivered. When the check was refused, Appellant admitted that it was not his check but then demanded it back and proceeded to attempt to cover the pizza charge with funds from his residence rather than seeking an explanation from the other occupants at the delivery address. When ultimately confronted by the police, he originally ascribed "Charlene" as the source of the check but later admitted that he assumed it was from Myia because he found it on the counter at her residence. Initially, Appellant maintained that the check was destroyed but later retrieved it from underneath a chair in his bedroom at his father's residence. Officers further described Appellant's demeanor during this exchange as being nervous. Each of these facts is circumstantial evidence presented at trial from which a reasonable factfinder could infer Appellant knew the check in question was forged, giving rise to an inference supporting the culpable mental state of "intent to defraud or harm" another. *Huntley v. State*, 4 S.W.3d 813, 814 (Tex. App.—Houston [1st Dist.], pet. ref'd).

Based on the evidence in this case, we find a rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. Accordingly, we find the evidence to be sufficient, and we overrule Appellant's sole issue.

5

*CONCLUSION*

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Do not publish.